UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Jose Nunez,

                            Petitioner,

      -against-

Sandra R. Danforth,

                            Respondent.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 1/21/2021

1:20-cv-10230 (PGG) (SDA)

**OPINION AND ORDER**

**STEWART D. AARON, United States Magistrate Judge:**

Before the Court is a motion by Petitioner Jose Nunez ("Nunez" or "Petitioner") to be released from the Ogdensburg Correctional Facility ("OCF") on a personal recognizance bond pending a decision on his habeas petition. (Pet.'s Mot., ECF No. 16.) For the reasons set forth below, Petitioner's motion is DENIED WITHOUT PREJUDICE.

**BACKGROUND**

Nunez filed his Petition in this Court, pursuant to 28 U.S.C. § 2254, challenging on four constitutional grounds his judgment of conviction in New York state court. (Pet., ECF No. 1.) Although his judgment of conviction became final in September 2019, he did not file his Petition until November 2020. (*See id*. at 5.)

On December 17, 2020, the Petition was referred to me. (Order of Reference, ECF No. 11.) On January 5, 2021, Nunez filed an Amended Petition, raising a fifth constitutional ground. (*See* Am. Pet., ECF No. 13.) Respondent is not due to file a response until February 12, 2021. (Order to Answer, ECF No. 9.)

On January 11, 2021, Nunez filed the motion that is now before the Court, and on January 11 and 14, 2021, filed two Declarations in support of his motion. (Nunez First Decl., ECF No. 15;

Nunez Second Decl., ECF No. 17.) In his motion, Nunez argues that he should be released pending a decision on his Petition because he "may" be given a release date of June 21, 2021 and would "qualify for early release due to [his] underlying health conditions," and because of the presence of COVID-19 at OCF, since he is among a group of persons who are at high risk due to his hypertension and obesity. (*See* Nunez First Decl. at 3-4; Nunez Second Decl. at 1-2.) Nunez provides no medical documentation or health records in support of his motion. On January 15, 2021, Respondent filed a letter in opposition to Nunez's motion. (Resp.'s Opp., ECF No. 19.)

## LEGAL STANDARDS

Federal courts have "inherent authority to admit to bail individuals properly within their jurisdiction," including habeas petitioners. *See Mapp v. Reno*, 241 F.3d 221, 226 (2d Cir. 2001). However, this power is a "limited one, to be exercised in special cases only." *Id*. "The petitioner must demonstrate that the habeas petition raise[s] substantial claims and that extraordinary circumstances exist[] that make the grant of bail necessary to make the habeas remedy effective." *Id*. (quoting *Grune v. Coughlin*, 913 F.2d 41, 44 (2d Cir. 1990)). This standard includes "consideration of whether the petitioner has demonstrated a likelihood that he or she will prevail." *Renis v. Thomas*, No. 02-CV-09256 (DAB) (RLE), 2003 WL 22358799, at *3 (S.D.N.Y. Oct. 16, 2003).

## DISCUSSION

Petitioner has not demonstrated that extraordinary circumstances exist that make his release on bail necessary to preserve the effectiveness of a habeas remedy, nor has he demonstrated a likelihood of success on the merits. To the extent that Petitioner seeks release on the basis of being at high risk due to the presence of COVID-19 at OCF, he has not made

2

adequate showings regarding his medical condition and the conditions at OCF to justify the extraordinary relief he seeks. *See, e.g.*, *Daum v. Eckert*, No. 17-CV-00239 (RPK) (LB), 2020 WL 5040596, at *3-4 (E.D.N.Y. Aug. 26, 2020) (explaining that courts have found "extraordinary circumstances" where "litigants presented *evidence* . . . of medical conditions placing them at *grave risk* if they contracted COVID-19" and of the facilities housing them being "ill-equipped to respond to the pandemic" (emphasis added)). Moreover, as for likelihood of success on the merits, his habeas claims appear to be time-barred, given that his Petition was not filed within one year after his conviction was filed. *See* 28 U.S.C. § 2244(d). Although Petitioner makes reference to "state imposed coronavirus restrictions" and asserts that he "had no access to the resources necessary to meet the September 6, 2020 deadline to file the petition" (*see* Pet. at 5), he does not articulate the nature of the restrictions, when they began, how long they lasted or the efforts he undertook to file the Petition in a timely manner.[1]

To the extent that Petitioner's motion could be construed as a motion to amend his Petition to add a claim based on conditions of confinement related to COVID-19, that motion is denied. As an initial matter, "[d]istrict courts around the country addressing § 2254 petitions raising conditions of confinement claims based on the petitioning prisoner's risk of exposure to COVID-19 have split on whether these claims are properly raised only in a § 1983 suit." *Elleby v. Smith*, No. 20-CV-02935 (PAE), 2020 WL 2611921, at *3 (S.D.N.Y. May 22, 2020) (citing cases). Even assuming a habeas petition is the appropriate vehicle for Petitioner's conditions of confinement claim, the Court finds that amendment would be futile because Petitioner has not

---

[1] Petitioner's suggestion that "the federal courts were closed for a 90-day period," such that he was unable to timely file his Petition (*see* Pet. at 5) is factually incorrect. The Clerk's office and *Pro Se* Intake Unit have been open for filing throughout the pandemic.

exhausted this claim in state court. *See id.* at *4-5 ("[T]he Court joins federal district courts around the country that have recently dismissed, or held dismissable, COVID-19-related § 2254 petitions for failure to exhaust state remedies.").[2]

## CONCLUSION

For the foregoing reasons, Petitioner's motion is DENIED WITHOUT PREJUDICE.

The Clerk of Court is respectfully requested to mail a copy of this Opinion and Order to the *pro se* Petitioner.

**SO ORDERED.**

DATED:   New York, New York
　　　　　January 21, 2021

　　　　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　　　STEWART D. AARON
　　　　　　　　　　　　　　　　　　　　　　　United States Magistrate Judge

---

[2] The Court recognizes that courts also have split over whether such a claim properly is brought under 28 U.S.C. § 2254 or 28 U.S.C. § 2241 and, in the case of the latter, whether exhaustion of state remedies is required. *See Elleby*, 2020 WL 2611921, at *4 n.3 (noting that some courts have excused failure to exhaust under § 2241). This Court agrees with those courts that have concluded that, regardless of which provision applies, exhaustion of state remedies is required. *See, e.g., Carter v. Fields*, No. 19-CV-05364 (PKC), 2020 WL 5517241, at *2 (E.D.N.Y. Sept. 14, 2020) (finding conditions of confinement claim "should be properly considered under Section 2241" but concluding "[n]evertheless . . . that Petitioner's petition must be denied," because he had neither "filed a petition seeking relief in state court" nor "demonstrated that exhaustion in state court would be futile, impossible, or subject him to undue prejudice").