UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Jose Nunez,

                Petitioner,

    -against-

Sandra R. Danforth,

                Respondent.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 3/18/2021

1:20-cv-10230 (PGG) (SDA)

**OPINION AND ORDER**

**STEWART D. AARON, United States Magistrate Judge:**

    Before the Court is a motion by Petitioner Jose Nunez ("Nunez" or "Petitioner") seeking the appointment of counsel and an extension of time to reply to Respondent's Answer. (Pet.'s 3/4/21 Mot., ECF No. 28.) For the reasons set forth below, Petitioner's motion is GRANTED IN PART and DENIED IN PART. The Court declines to appoint counsel, but grants a 30-day extension from the date of this Opinion and Order for Petitioner to submit his reply.

**BACKGROUND**

    Nunez filed his Petition in this Court, pursuant to 28 U.S.C. § 2254, challenging on four constitutional grounds his judgment of conviction in New York state court. (Pet., ECF No. 1.) Although his judgment of conviction became final in September 2019, he did not file his Petition until November 2020. (*See id*. at 5.) On December 17, 2020, the Petition was referred to me. (Order of Reference, ECF No. 11.) On January 5, 2021, Nunez filed an Amended Petition, raising a fifth constitutional ground. (*See* Am. Pet., ECF No. 13.) On February 12, 2021, Respondent filed her Answer. (*See* Answer, ECF No. 24.)

On March 4, 2021, Nunez filed the motion that is now before the Court seeking the appointment of counsel to assist him in preparing a reply to Respondent's Answer and seeking an extension of time to reply to the Answer. (*See* Nunez Decl., ECF No. 28-1.)

## LEGAL STANDARDS

No constitutional right to counsel exists in habeas corpus proceedings; "rather[,] the appointment of counsel in such proceedings is a matter of discretion." *Parks v. People*, No. 02-CV-06776 (RCC) (HBP), 2003 WL 1396440, at *1 (S.D.N.Y. Mar. 19, 2003). "For the Court to order the appointment of counsel, the petitioner must, as a threshold matter, demonstrate that his claim has substance or a likelihood of success on the merits." *Tarafa v. Artus*, No. 10-CV-03870 (JGK), 2010 WL 2545769, at *1 (S.D.N.Y. June 9, 2010) (emphasis omitted) (citing *Hodge v. Police Officers*, 802 F.2d 58, 61-62 (2d Cir. 1986)). "Only then can the Court consider the other factors appropriate to determination of whether counsel should be appointed: '[petitioner's] ability to obtain representation independently, and his ability to handle the case without assistance in the light of the required factual investigation, the complexity of the legal issues, and the need for expertly conducted cross-examination to test veracity." *Id.* (quoting *Cooper v. A. Sargenti Co., Inc.*, 877 F.2d 170, 172 (2d Cir. 1989)).

## DISCUSSION

The Court finds, in its discretion, that Nunez has not met the criteria to justify the appointment of counsel in this case. Most importantly, as discussed below, he has failed to demonstrate why his Petition or Amended Petition has sufficient merit to warrant the appointment of counsel. He also has failed to explain why he cannot present his case himself.

Based on a preliminary review of the Petition and Amended Petition, and without prejudice to my further consideration of them, the Court finds that the Petition and Amended Petition are unlikely to be meritorious. Thus, appointing counsel to assist Petitioner is inappropriate, in the Court's view.

At the outset, Petitioner's habeas claims appear to be time-barred, given that his Petition was not filed within one year after his conviction was filed. *See* 28 U.S.C. § 2244(d). Although Petitioner makes reference to "state imposed coronavirus restrictions" and asserts that he "had no access to the resources necessary to meet the September 6, 2020 deadline to file the petition" (*see* Pet. at 5), he does not articulate the nature of the restrictions, when they began, how long they lasted or the efforts he undertook to file the Petition in a timely manner. Petitioner's suggestion that "the federal courts were closed for a 90-day period," such that he was unable to timely file his Petition (Pet. at 5) is factually incorrect. The Clerk's office and *pro se* filing unit have been open for filing throughout the pandemic. Thus, Petitioner has not established a plausible basis for equitable tolling.[1] *See Hizbullahankhamon v. Walker*, 255 F.3d 65, 75 (2d Cir. 2001) ("To show that extraordinary circumstances prevented him from filing his petition on time, petitioner must demonstrate a causal relationship between the extraordinary circumstances on which the claim for equitable tolling rests and the lateness of his filing, a demonstration that cannot be

---

[1] Nor does Petitioner appear to be entitled to statutory tolling by reason of his prior-filed state habeas petition (*see* 8/26/19 N.Y. State Pet., ECF No. 24-12), since that petition was not properly filed. *See Santana v. Griffin*, No. 17-CV-03827 (PAE) (KHP), 2017 WL 9802840, at *4 (S.D.N.Y. Dec. 13, 2017), *report and recommendation adopted*, 2018 WL 1229860 (S.D.N.Y. Mar. 7, 2018) (state habeas petition not "properly filed" where, as here, petitioner "failed to state whether he had previously filed any state habeas petitions").

made if the petitioner, acting with reasonable diligence, could have filed on time notwithstanding the extraordinary circumstances." (internal quotation marks and citation omitted)).

In addition, even if this proceeding were not time-barred, Petitioner's grounds for habeas relief do not appear to have merit. In his Petition and Amended Petition, Nunez seeks habeas relief on the following grounds: (1) that Nunez was "prosecuted and tried on a theory of the crime at variance with the theory of the indictment" and that the trial court "amended the indictment" in its jury instructions, allegedly in violation of his right to due process under the Fourteenth Amendment (Pet., ECF No. 1, ¶ 13 (Grounds One and Two)); (2) that the trial court gave a "highly prejudicial" definition of "public servant" in its instructions to the jury (*id.* (Ground Three)); (3) that the evidence at trial was insufficient to convict Nunez of any of the charges he faced (*id.* (Ground Four)); and (4) that that the trial court's errors "stripped the Trial Court entirely of subject matter jurisdiction to prosecute and render judgment of conviction upon Petitioner as a matter of law." (Am. Pet., ECF No. 13, at 1 (Ground Five).)

Grounds One and Two do not appear to present cognizable claims for relief since Petitioner's assertions that the prosecutor or the court illegally amended the indictment and changed the theory of prosecution are not a basis for federal habeas relief under the Fourteenth Amendment. *See Parker v. Wenderlich*, No. 14-CV-05896 (JG), 2015 WL 5158476, at *17 (E.D.N.Y. Sept. 2, 2015) ("[T]he Fifth Amendment's right to a grand jury indictment has not been incorporated against the states through the Fourteenth Amendment, and thus does not work to limit state prosecutions.").

Ground Three, which challenges the trial court's jury instructions, appears to lacks merit since the definition of "public servant" is a matter of state law, and "it is not the province of a

federal habeas court to reexamine state-court determinations on state-law questions." *See DiGuglielmo v. Smith*, 366 F.3d 130, 137 (2d Cir. 2004) (quoting *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991)).

Ground Four, which challenges the sufficiency of the evidence, appears likely to fail since the Appellate Division rejected Petitioner's sufficiency arguments, *see People v. Yu*, 167 A.D.3d 521, 522 (1st Dep't 2018), and Petitioner has not shown that the Appellate Division's decision was "contrary to, or involved an unreasonable application of," clearly established Supreme Court precedent, or that it was "based on an unreasonable determination of the facts in light of the evidence presented" at trial. *See* 28 U.S.C. § 2254(d).

Finally, Ground Five, which concerns the subject matter jurisdiction of the trial court, appears to lack merit since the issue of "[w]hether an indictment, information, or complaint is sufficient to confer jurisdiction on a trial court is . . . an issue of state law which is not cognizable on habeas review." *Sengupta v. Att'y Gen. of New York*, No. 16-CV-06967 (ALC) (GWG), 2019 WL 4308610, at *16 (S.D.N.Y. Sept. 11, 2019).

## CONCLUSION

For the foregoing reasons, Petitioner's motion is GRANTED IN PART and DENIED IN PART. Petitioner's motion for appointment of counsel is DENIED, but his motion for an extension of time to file his reply is GRANTED. Petitioner shall file his reply within the next 30 days. If no reply is filed within that time frame, the Court shall deem this matter fully briefed.

The Clerk of Court is respectfully requested to mail a copy of this Opinion and Order to the *pro se* Petitioner.

**SO ORDERED.**

Dated: New York, New York
March 18, 2021

_____
STEWART D. AARON
United States Magistrate Judge