UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
―――――――――――――――――――――――――――

JOSE NUNEZ,

                       Petitioner,

        -against-

SANDRA R. DANFORTH,

                       Respondent.

**ORDER**

20 Civ. 10230 (PGG) (SDA)

―――――――――――――――――――――――――――

PAUL G. GARDEPHE, U.S.D.J.:

        Pro se Petitioner Jose Nunez was convicted in Supreme Court of the State of New York, New York County, of bribery, conspiracy to commit bribery, and rewarding official misconduct, and was sentenced to one and one-third to four years' imprisonment on the conspiracy and rewarding official misconduct counts, and to three to nine years' imprisonment on the bribery counts. (Pet. (Dkt. No. 1) ¶¶ 1, 3, 5; Resp. (Dkt. No. 24) ¶ 2; see State Court Tr. (Dkt. No. 26-3) at 608-12, 630-31)  On November 12, 2020, Nunez filed a petition for a writ of habeas corpus in the Northern District of New York, pursuant to 28 U.S.C. § 2254.  (Pet. (Dkt. No. 1) at 1)  The case was subsequently transferred to this District and assigned to this Court.  (Dkt. No. 6)

        On December 17, 2020, this Court referred Nunez's Petition to Magistrate Judge Stewart D. Aaron for a Report and Recommendation ("R&R").  (Dkt. No. 11)  In a May 6, 2021 R&R, Judge Aaron recommends that Nunez's Petition – and his subsequently filed Amended Petition – be denied.  (R&R (Dkt. No. 33) at 20)  Neither side has filed objections to the R&R.

For the reasons stated below, Judge Aaron's R&R will be adopted in its entirety, and the Petition and Amended Petition will be denied.

## BACKGROUND

### I.  PROCEDURAL HISTORY

On May 31, 2016, following a jury trial, Nunez was convicted of two counts of bribery in the second degree, in violation of Penal Law § 200.03; one count of conspiracy to commit bribery in the fourth degree, in violation of Penal Law § 105.10(1); and thirteen counts of rewarding official misconduct in the second degree, in violation of Penal Law § 200.20. (Pet. (Dkt. No. 1) ¶¶ 1-2, 5-6; Resp. (Dkt. No. 24) ¶ 2; see State Court Tr. (Dkt. No. 26-3) at 608-12)  On August 17, 2016, Nunez's motion to set aside the verdict was denied (Pet., Ex. 1 (Dkt. No. 1-1) at 15-18; Resp., Ex. E (Dkt. No. 24-5)), and he was sentenced to one and one-third to four years' imprisonment on the conspiracy and rewarding official misconduct counts, and three to nine years' imprisonment on the bribery counts, with all sentences to run concurrently. (Pet. (Dkt. No. 1) ¶¶ 2-3; see State Court Tr. (Dkt. No. 26-3) at 630-31)

In March 2018, Nunez appealed his judgment of conviction to the Appellate Division, First Department.  (See Pet., Ex. 1 (Dkt. No. 1-1) at 20-43; Pet., Ex. 2 (Dkt. No. 1-2); Pet., Ex. 3 (Dkt. No. 1-3) at 1-14; Resp., Ex. F (Dkt. No. 24-6))  On December 20, 2018, the Appellate Division affirmed the judgment. (Pet. (Dkt. No. 1) ¶ 8; see Pet., Ex. 3 (Dkt. No. 1-3) at 16-18; Resp., Ex. H (Dkt. No. 24-8))  In submissions to the New York Court of Appeals dated December 21, 2018 and January 18, 2019, Nunez sought leave to appeal.  (See Resp., Ex. I (Dkt. No. 24-9); Pet., Ex. 3 (Dkt. No. 1-3) at 20-29; Resp., Ex. J (Dkt. No. 24-

10)) On May 23, 2019, his application for leave to appeal was denied. (Pet. (Dkt. No. 1) ¶ 10; see Pet., Ex. 3 (Dkt. No. 1-3) at 31; Resp., Ex. K (Dkt. No. 24-11))

On August 20, 2019, Nunez filed a petition in Supreme Court of the State of New York, St. Lawrence County, seeking a writ of habeas corpus. (Pet. (Dkt. No. 1) ¶ 11; see Resp., Ex. L (Dkt. No. 24-12)) On September 6, 2019, the state court declined to issue the writ or order to show cause, and dismissed the petition. (Pet. (Dkt. No. 1) ¶ 11; see Pet., Ex. 3 (Dkt. No. 1-3) at 33-35; Resp., Ex. M (Dkt. No. 24-13))

On November 12, 2020, Nunez filed the instant petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, in the United States District Court for the Northern District of New York. (Pet. (Dkt. No. 1) at 1) In the Petition, Nunez seeks release from custody at the Ogdensburg Correctional Facility. (Id. at 5) On December 4, 2020, the Petition was transferred to this District, "[b]ecause Petitioner is challenging the validity of the conviction and sentence imposed in New York County Supreme Court." (Dec. 2, 2020 Order (Dkt. No. 5) at 2; (Dkt. No. 6))

In his Petition, Nunez contends that (1) he "was prosecuted and tried on a theory of the crime at variance with the theory of the indictment"; (2) "the indictment was amended in a manner which violated [his] right[] to due process"; (3) "the statutory definition of a key element of the charge of bribery was impermissibly expanded by the trial court in a manner that was highly prejudicial to [him], in violation of his constitutional right[] to due process under the [Fourteenth] Amendment"; and (4) he "was convicted based on proof of fewer than all the elements of the crimes charged, in violation of his constitutional right[] to due process under the [Fourteenth] Amendment." (Pet (Dkt. No. 1) ¶ 13)

3

On December 17, 2020, this Court referred the Petition to Magistrate Judge Stewart D. Aaron for an R&R. (Dkt. No. 11)

On December 28, 2020, Nunez filed an Amended Petition, which includes a fifth ground for habeas relief: that "the procedures used to indict, convict, and sentence [him] were patently unfair[ and] unconstitutional[,] and present jurisdictional defects[,] which were inherently prejudicial[, and] stripp[ed] the trial court entirely of jurisdiction to render [a] judgment of conviction and sentence upon [Nunez]." (Am. Pet. (Dkt. No. 13) at 1)

On March 16, 2021, Nunez was released on parole. See N.Y. State Dep't of Corr. & Cmty. Supervision, Incarcerated Lookup, nysdoccslookup.doccs.ny.gov (searching DIN 19R0227) (last visited Dec. 30, 2022). (See also (Dkt. No. 30) (providing notice of change of address to New Jersey address on March 22, 2021))

On May 6, 2021, Judge Aaron issued an R&R recommending that Nunez's Petition and Amended Petition be denied in their entirety. (R&R (Dkt. No. 33) at 20)

In his R&R, Judge Aaron notifies the parties that they have fourteen days from service of the R&R to file any objections, pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure. (Id. at 21) The R&R further states – in bolded, capital letters – that a "failure to object within fourteen (14) days will result in a waiver of objections and will preclude appellate review." (Id. (emphasis omitted)) Neither side has filed objections to the R&R.

## II.   LEGAL STANDARD

In reviewing an R&R, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). Where a timely objection has been made to the magistrate judge's

4

recommendations, the district court judge "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." Id.

Where, as here, no objections are filed to a magistrate judge's R&R – despite clear warning that a failure to file objections will result in a waiver of judicial review – judicial review has been waived. See Thomas v. Arn, 474 U.S. 140, 147-48 (1985); see also Mario v. P & C Food Mkts., Inc., 313 F.3d 758, 766 (2d Cir. 2002) (citing Small v. Sec'y of Health and Human Servs., 892 F.2d 15, 16 (2d Cir. 1989) (per curiam)) ("Where parties receive clear notice of the consequences, failure timely to object to a magistrate's report and recommendation operates as a waiver of further judicial review of the magistrate's decision."); see also Spence v. Superintendent, Great Meadow Corr. Facility, 219 F.3d 162, 174 (2d Cir. 2000) ("Failure to timely object to a report generally waives any further judicial review of the findings contained in the report."). This Court has nonetheless reviewed Judge Aaron's R&R for clear error.

### III.  ANALYSIS

In his R&R, Judge Aaron finds – as an initial matter – that "[a]lthough Nunez no longer is imprisoned, his petition nevertheless satisfies the 'in custody' requirement of 28 U.S.C. § 2254(a)[,] because he filed it while incarcerated." (R&R (Dkt. No. 33) at 1 n.1 (citing Nowakowski v. New York, 835 F.3d 210, 215 (2d Cir. 2016))) Judge Aaron also finds that Nunez's release has not "mooted his petition, because he presumptively remains subject to collateral consequences from the criminal conviction he challenges." (Id. (collecting cases))

Judge Aaron concludes, however, that the Petition is time-barred. (Id. at 14) "[P]ursuant to 28 U.S.C. § 2244(d)(1)(A), the one-year period for filing a federal habeas petition began to run on the date the underlying state court judgment became final." (Id.) Here, the state

5

court judgment became final on August 21, 2019 – ninety days after the May 23, 2019 denial of Nunez's application for leave to appeal to the New York Court of Appeals. (Id.) Nunez did not file the Petition until November 12, 2020, however, which – as Judge Aaron notes – is eighty-three days after the one-year period expired. (Id.)

Although the statute of limitations is tolled while a "'properly filed application for State post-conviction or other collateral review . . . is pending,'" Judge Aaron finds that Nunez's "state habeas petition was not 'properly filed.'" (Id. (quoting 28 U.S.C. § 2244(d)(2))) "In New York, a habeas petition is 'defective' if it fails to 'strictly comply with the requirements of C.P.L.R. § 7002(c).'" (Id. (quoting People ex rel. Chaney v. Dagostino, 137 A.D.3d 1436, 1437 (3d Dep't 2016))) That provision requires a petitioner to state in his petition "'the date, and the court or judge to whom made, of every previous application for the writ, [and] the disposition of each such application.'" (Id. at 14-15 (quoting C.P.L.R. § 7002(c)(6))) This provision also "requires a specific statement either setting forth any previous applications or asserting that no previous applications have been made." (Id. at 15 (citing People ex rel. Dunn v. McMann, 23 A.D.2d 510, 510 (3d Dep't 1965)))

Judge Aaron finds that Nunez's "state habeas petition did not state whether he had previously filed any state habeas petitions," and thus his state habeas petition "was not 'properly filed' under New York law." (Id. (citing Resp., Ex. L (Dkt. No. 24-12))) Judge Aaron further concludes that Nunez's "'noncompliance with C.P.L.R. § 7002(c) allowed the . . . statute of limitations to run during the pendency of his state action.'" (Id. (quoting Santana v. Griffin, No. 17 Civ. 3827 (PAE) (KHP), 2018 WL 1229860, at *5 (S.D.N.Y. Mar. 7, 2018)))

6

While Nunez "[c]onced[es] that the Petition was filed outside [the] one-year time limitation" (id. (citing Pet. (Dkt. No. 1) ¶ 17)),[1] he argues that the statute of limitations was equitably tolled because (1) he "encountered an impediment to filing due to state[-]imposed coronavirus restrictions at [his] correctional facility," and "had no access to the resources necessary" to meet the deadline; and (2) "due to coronavirus restrictions, the federal courts were closed" for ninety days. (Pet. (Dkt. No. 1) ¶ 17)

Judge Aaron concludes that Nunez "has not established a plausible basis for equitable tolling." (R&R (Dkt. No. 33) at 16)  As an initial matter, Nunez's argument that the federal courts were closed for ninety days is "factually incorrect." (Id.)  The Clerk's Office in this District remained open for filing throughout the pandemic. (Id.)  As to the various impediments that allegedly made it impossible for Nunez to timely file his petition (see Dkt. No. 32), Judge Aaron finds that Nunez "has not demonstrated why he could not, through reasonable diligence, have prepared and filed his (five-page) petition during the period between the reopening of the [Ogdensburg Correctional Facility] Law Library in May 2020 and his filing deadline of August 21, 2020." (R&R (Dkt. No. 33) at 17)

Having carefully reviewed the R&R, this Court agrees with Judge Aaron's conclusion that the Petition and the Amended Petition are time-barred.

Although Judge Aaron concludes that the Petition and Amended Petition are time-barred, he goes on to address the petitions on the merits. (Id. at 17)  As discussed above, Nunez contends that he "was prosecuted and tried on a theory of the crime at variance with the theory of

---

[1] In the Petition, Nunez states that his "judgment became final in September[] 2019." (Pet. (Dkt. No. 1) ¶ 17)  As discussed above, however, Nunez's judgment became final on August 21, 2019 – ninety days after the New York Court of Appeals denied leave to appeal.  In any event, the Petition was filed on November 12, 2020, long after the one-year period had expired.

7

the indictment," and that "the indictment was amended in a manner which violated [his] right[] to due process." (Pet (Dkt. No. 1) ¶ 13) Judge Aaron finds, however, that these "assertions that the prosecutor or the court illegally amended the indictment and changed the theory of prosecution are not a basis for federal habeas relief under the Fourteenth Amendment." (R&R (Dkt. No. 33) at 18 (citing Parker v. Wenderlich, No. 14 Civ. 5896 (JG), 2015 WL 5158476, at *17 (E.D.N.Y. Sept. 2, 2015))) To the extent that Nunez argues that the prosecution's theory of guilt at trial impermissibly varied from the indictment, Judge Aaron finds that "a variance in proof rises to the level of a federal constitutional violation 'only if it infringes on the notice and double jeopardy protections of an indictment,'" and that here, Nunez "was on notice . . . of the theory upon which the prosecution was proceeding prior to trial." (Id. at 18 n.10 (quoting United States v. D'Amelio, 683 F.3d 412, 416-17 (2d Cir. 2012))) Judge Aaron further concludes that "any variance in the proof did not implicate [Nunez's] double jeopardy rights[,] since the basis of the charges against him was sufficiently clear to ensure that he could not be tried again for the same crimes." (Id.)

Nunez also contends that "the statutory definition of a key element of the charge of bribery" – "public servant" – "was impermissibly expanded by the trial court in a manner that was highly prejudicial to [him], in violation of his constitutional right[] to due process under the [Fourteenth] Amendment." (Pet (Dkt. No. 1) ¶ 13) Judge Aaron finds, however, that "the definition of 'public servant' is a matter of state law, and 'it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions.'" (R&R (Dkt. No. 33) at 18 (quoting DiGuglielmo v. Smith, 366 F.3d 130, 137 (2d Cir. 2004); Estelle v. McGuire, 502 U.S. 62, 67-68 (1991)))

8

Nunez further contends that he "was convicted based on proof of fewer than all the elements of the crimes charged, in violation of his constitutional right[] to due process under the [Fourteenth] Amendment." (Pet (Dkt. No. 1) ¶ 13) Nunez argues that the prosecutor did not present sufficient evidence that "the payee involved in the transaction with [Nunez] was a public servant," or that Nunez "sought to influence the alleged bribee with respect to his 'vote[,] opinion, [judgment], action, decision, or exercise of [discretion] as a public servant.'" (Id.) Judge Aaron finds, however, that "this Court must use a 'doubly deferential standard of review' when considering [Nunez]'s sufficiency challenge, deferring first to the jury's verdict, and second to the Appellate Division's determination under the standard set forth in 28 U.S.C. § 2254(d)," and that "[t]he writ should not be granted unless 'no reasonable court could have held that any reasonable jury could have read the evidence to establish [Nunez]'s guilt beyond a reasonable doubt.'" (R&R (Dkt. No. 33) at 19 (quoting Garbutt v. Conway, 668 F.3d 79, 81-82 (2d Cir. 2012)))

Applying these standards, Judge Aaron finds that "[d]eference is due to the Appellate Division's decision," which holds that

> "[t]estimonial and documentary evidence established that [the payee] was a public servant under § 10.00(15)(b) because he exercised the functions of a public employee in interviewing arrestees and making recommendations to arraignment judges whether to release the arrestees on their own recognizance," and that "[t]he evidence also sufficiently established that [Nunez . . .] sought to influence [the bribee] with respect to his 'vote, opinion, judgment, action, decision, or exercise of discretion as a public servant,' as required to convict [him] of bribery in the second degree."

(Id. (first, third, and fourth alterations in original) (quoting People v. Yu, 167 A.D.3d 521, 522-23 (1st Dep't 2018))) Judge Aaron concludes that Nunez "has failed to show that the Appellate Division's decision was 'contrary to, or involved an unreasonable application of,' clearly

9

established Supreme Court precedent, or that it was 'based on an unreasonable determination of the facts in light of the evidence presented' at trial." (Id. at 20 (quoting 28 U.S.C. § 2254(d)))

Finally, Nunez contends that "the procedures used to indict, convict, and sentence [him] were patently unfair[ and] unconstitutional[,] and present jurisdictional defects[,] which were inherently prejudicial[, and which] stripp[ed] the trial court entirely of jurisdiction to render [a] judgment of conviction and sentence upon [Nunez]." (Am. Pet. (Dkt. No. 13) at 1) Judge Aaron finds, however, that "so long as an accusatory instrument filed in state court charges a cognizable crime, as here, the issue of '[w]hether an indictment, information, or complaint is sufficient to confer jurisdiction on a trial court is . . . an issue of state law which is not cognizable on habeas review.'" (R&R (Dkt. No. 33) at 20 (alteration and omission in original) (quoting Sengupta v. Att'y Gen. of New York, No. 16 Civ. 6967 (ALC) (GWG), 2019 WL 4308610, at *16 (S.D.N.Y. Sept. 11, 2019)))

Judge Aaron thus finds that Nunez has not proffered any ground justifying habeas relief. (Id. at 17-20) Having carefully reviewed the R&R, this Court finds no error in Judge Aaron's conclusions.

## CONCLUSION

For the reasons stated above, the R&R is adopted in its entirety, and the Petition and Amended Petition for a writ of habeas corpus are denied. The Clerk of Court is directed to close this case, and to mail a copy of this Order to pro se Petitioner at the address indicated on the docket.

Dated: New York, New York
December 30, 2022

SO ORDERED.

_Paul A. Gardephe_
Paul G. Gardephe
United States District Judge

10